UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

DIRADO INVESTMENT CO. INC.,           Case No.: 06-54899
                                                       Chapter 11
               Debtor.                         Honorable. Walter Shapero

_____/

## OPINION IN CONNECTION WITH MOTION TO LIFT STAY AND/OR FOR ADEQUATE PROTECTION

       This is a single asset realty chapter 11 case filed by Debtor on October 16, 2006. The first mortgagee ("Movant") filed a motion to lift the stay or in lieu thereof for adequate protection on October 25, 2006. The deadline for Debtor to have filed a plan was January 16, 2007. On or before that date Debtor filed a plan (1) contemplating the sale of its realty within a year (or consequent lifting of the stay if it were not), and (2) commencement of adequate protection payments in six months if the property had not been sold within that six month period. Debtor's defense to the motion was essentially that its equity in the property was sufficient to adequately protect the mortgagee. The Court held an evidentiary hearing shortly before the plan was filed directed primarily to the issue of the existence and amount of any equity. The applicable statute permits lifting the stay for cause, including lack of adequate protection. But, in the single asset realty situation it in essence also mandates lifting of the stay unless within 90 days of the filing (i.e., January 16, 2007, in this case) the Debtor either (a) files a plan which has a reasonable opportunity of being confirmed within a reasonable time, or (b) commences monthly adequate protection payments in statutorily specified amounts. If the general rule applicable to all cases i.e.; for cause including lack of adequate

1

protection, continues to apply to single asset realty cases, the existence of an equity can make a difference, among other factors to be considered in making sure the secured creditor's interest is adequately protected, or in lieu thereof the stay lifted. If it does not, and the indicated rule in respect to such cases is the only applicable one, then in effect the existence or lack of equity in the property as an important determinant of adequate protection is either irrelevant or reduced, and the primary inquiry absent commencement of the adequate protection payments is whether the required plan was timely filed (in which case there still remains the inquiry as to whether or not what was filed has a reasonable opportunity of being confirmed in a reasonable time) or if not the specified adequate protection payments were commenced. Put another way, if a plan is timely filed and that plan is found to have a reasonable possibility of being confirmed within a reasonable time (which presumably also means that whatever the code requires with respect to treatment of secured claims is included in the proposed plan), can the secured party nevertheless still also seek and obtain adequate protection?

In this case, the evidentiary hearing on the adequate protection motion, the thrust of which was the existence and amount, of any equity, more or less coincided with the timely filing of the plan. The latter brought to the inquiry, as noted, the issue of whether or not the filed plan has a reasonable possibility of confirmation within a reasonable period of time - an inquiry in which the existence of equity may have some bearing, but likely materially less so than in a non-single asset realty adequate protection situation in which the existence and amount of equity is the prime issue.

The Court has concluded for the following reasons it need not sort out the legal relationship between the indicated statutory provisions because it has concluded that (1) the filed plan does have

a reasonable possibility of confirmation within a reasonable period of time, and (2) for a specified time at least there exists sufficient equity to adequately protect Movant and to deny for now its motion.

At the evidentiary hearing on the motion the evidence taken, as noted, related to the value of the property and consequently the amount and extent, if any, of Debtor's equity in it, as a way of providing adequate protection. The only evidence admitted was Movant's expert's opinions as to the value of the property on both "disposition" and "fair market value" bases - the only material difference being that in the former the time within which it was assumed the property was to be sold was six months, and in the latter, twelve months.

Debtor's schedules reveal there are but two secured creditors: Movant and the real estate taxing authority; no unsecured priority claims; and some $167,000 or so in unsecured non priority claims, $164,000 of which are held by an entity owned by the principals of the Debtor which occupies part of the property on a lease basis. It is very likely that Debtor's proposed liquidating plan could be confirmed in a reasonable amount of time, and in fact the Court has reviewed the filed disclosure statement and is requiring a few changes to be promptly made so that a confirmation hearing can be set at the earliest possible time.

Assuming normal adequate protection rules also apply, the parameters of the admitted evidence on a disposition value basis, the only evidence being admitted being that offered by Movant, shows an equity of about $33,000, and on a fair market value basis about $164,000. Adequate protection payments, if calculated based on the statutory formula applicable to single asset realty cases, would be, according to Movant, about $4,000 per month. The equity figures take into account unpaid past due realty taxes and current unpaid taxes, a real estate commission due on resale and Movant's attorney fees. Taking into account the current status of the market for the type of realty

3

in question as adduced from the testimony at the hearing, the Court believes a disposition time of a year is reasonable and the more realistic, and further that for purposes of what is before the Court, something closer to the fair market value, rather than the disposition value of the property is the more appropriate starting point in the determination of any equity. Using a worst case scenario insofar as Movant is concerned, i.e., an equity of $33,000, that amount would virtually disappear over the initial six month period when Debtor in effect proposes that no adequate protection payments be made. In fact, however, the Court believes the equity is materially larger than that, but not so large that payments not be made until the end of the one year period when the property is to be sold by, under the Debtor's proposed plan. Subject to one caveat, such is the basis for the Court's conclusion that as long as confirmation proceeds apace, the stay should not be lifted now, but that commencing six months after confirmation adequate protection should commence, at the earliest of (a) 200 days from the date of this order; or (b) the period provided for such to begin pursuant to the provisions of a confirmed plan, and be in an amount computed under the single asset realty section of the stay lift statute.

    The sole caveat would be to provide for the possibility that the value of the equity might deteriorate or be put in jeopardy by the failure of the Debtor to insure the property and/or to provide for its maintenance and repair, all in accordance with the requirements of its agreements with Movant. The Court did not have those requirements directly before it during the evidentiary hearing and thus little, if any, and certainly not sufficient evidence as whether or not such were being complied with. Suffice it to say, the Court's conclusion is subject to reconsideration if, as, and when, Movant believes the value of its security interest is being sufficiently jeopardized by any failures on the part

of Debtor to meet the indicated insurance, maintenance, and repair requirements, to an extent that its adequate protection requires some other or further remedy.

**Signed on January 26, 2007**

                                         **/s/ Walter Shapero**
                                 **Walter Shapero**
                                 **United States Bankruptcy Judge**